UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


EDWARD THEODORE RILEY                 ECF CASE

    V.                                                            Civil Action: 07CV2218
                                                                          Complaint
UNIVERSAL ATTRACTIONS, SATELLITE RECORDED MUSIC CORP., JEFF ALLEN, JEFF EPSTEIN, JACK BART, DEBRA EWING, JASMINE LEBRON, ERIC WILLIAMS, MARK MIDDLETON, ASSOCIATE PROMOTERS, AARON HALL, MALCOLM PARKS, DIMITRIUS COLLINS, AND "JOHN DOES"

COMPLAINT

COUNT ONE

Plaintiff complains against defendants and for a First Cause of Action alleges:

1. This is an action for unfair competition and trade name, trademark, and service mark infringement of plaintiff's well-known names and marks Blackstreet, Guy, New Jack and New Jack Swing [trademarks]. It arises under the laws of the United States (Federal Question Jurisdiction), including the Federal Trademark Act of 1946, 15U.S.C.A. sec. 1051 et seq., and the laws of the State of New York relating to unfair competition and to trade name, trademark, and service mark infringement. The matter in controversy exceeds the sum or value of $10,000,000.00 exclusive of interests and costs, arises under the laws of the United States, and the State of New York, and is between citizens of different states.

2. This court has jurisdiction over the subject matter and the parties under 15 U.S.C.A. sec. 1121 and 1125(a), as well as the provisions of 28 U.S.C.A. sec. 1331(a); 1332(a and c); 1337 (a and c); 1338 (a and b).

3. Plaintiff is now, and at all times mentioned in this complaint was, an individual and United States citizen organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, County, Georgia, and qualified to do business in Georgia and elsewhere as a United States citizen.

4. Defendants Universal Attractions and Satellite Recorded Music Corp., are now, and at all times mentioned in this complaint were, corporations, sole proprietorships or partnerships organized and existing under the laws of the State of New York, with its principal place of business in New York, County of New York, New York State. Venue as to this defendant and as to each count in this complaint lies within this District, as provided by 28 U.S.C.A. sec. 1391(b and c). Defendant Jeff Allen is an individual residing at an unknown address in the United States. Defendant Jeff Epstein is an individual residing at an unknown address in the United States. Defendant Jack Bart is an

individual residing at an unknown address in the United States. Defendant Debra Ewing is an individual residing at an unknown address in the United States. Jasmine Lebron is an individual residing at an unknown address in the United States. Defendant Eric Williams is an individual residing at an unknown address in the United States. Defendant Mark Middleton is an individual residing at an unknown address in the United States. Defendant Aaron Hall is an individual residing at an unknown address in the United States. Defendant Malcolm Parks is an individual residing at an unknown address in the United States. Defendant Dimitrius Collins is an individual residing at an unknown address in the United States. Defendant John Does are individuals residing at an unknown address in the United States. Venue as to these defendants and as to each count in this complaint lies within this District, as provided by 28 U.S.C.A. sec. 1391(b and c).

5. As a complete and independent claim for relief, plaintiff alleges unfair competition by defendants under 15 U.S.C.A. sec. 1125(a) and at common law. This court has jurisdiction over the subject matters and the parties to this action under 28 U.S.C.A. sec. 1332(a and c), and 1338(b).

6. BLACKSTREET was the name of a musical singing Group that became active in 1992. Edward (Teddy) Riley was one of the original members of the group. He served as a vocalist and producer and through his hard work, his name has become associated with the name BlackStreet. In 1997, BLACKSTREET became a registered trademark and the owner of the mark is Teddy Riley. Sometime after 1992 , the group BlackStreet disbanded yet Teddy Riley has not abandoned his mark and continues to be the rightful owner. GUY was the name of a musical singing group that became active in 1987. Teddy Riley was an original member of GUY. He served as a vocalist and producer and through his hard work, his name has become associated with the name Guy. Since 1987, Teddy Riley has been using the trademark GUY and in October 16, 2006 filed a trademark application in the United States Patent and Trademark Office. The registration is still pending. Teddy Riley has not abandoned the mark and continues to use the mark. The group Guy disbanded sometime after 1987. NEW JACK SWING is a phrase created by Teddy Riley in 1987 to describe a style of music he pioneered which was a blend of Rhthym and Blues and Hip Hop. Since 1987, Teddy Riley has been using the trade mark NEW JACK SWING.  In September 22, 2006, he filed a trademark application in the United States Patent and Trademark Office. The registration is still pending. Teddy Riley has not abandoned the mark. Teddy Riley has worked hard at promoting this mark and it is unquestionably associated with him. Since January, 1987 and March 1992, plaintiff has used, and its related and affiliated companies have since used, and are using, the tradenames, trademarks, and service marks Blackstreet, Guy, New Jack and New Jack Swing, in connection with the promotion, advertising, conduct, and expansion of their business, including entertainment services in the nature of instrumental and vocal groups and performances. Plaintiff first used its names and marks Guy and New Jack Swing in 1987 and BlackStreet in 1992 in connection with entertainment services in the nature of instrumental and vocal groups and performances. See attached Exhibits A and B.

7. Plaintiff is the owner of the United States Registration of its mark BlackStreet for

entertainment services in the nature of instrumental and vocal group, and has continuously used the mark shown in that registration for those services since March 1992. The registration number for the BlackStreet mark is 2075927. Plaintiff has not abandoned the mark for such services. Plaintiff is the owner of the marks New Jack Swing and Guy for entertainment in the nature of live performances by music groups and has continuously used the marks shown in the pending registrations for those services since 1987. Plaintiff has not abandoned those marks for such services.

8. By virtue of extensive and substantial advertising, promotion of its business, sales of goods, and rendition of substantial and widespread services under the trade names, trademarks and service marks BlackStreet, Guy and New Jack Swing, and because of plaintiff's maintenance of high quality standards relating to such services, the names and marks have become widely known by the public as indicating source or origin of services and goods in plaintiff and its related and affiliated companies.

9. Plaintiff is informed and believes, and on such information and belief alleges, that sometime in February 2006, defendants adopted and commenced use of the names BlackStreet, Guy and New Jack or New Jack Swing with the intention of competing unfairly with plaintiff. Defendant has misappropriated the names BlackStreet, Guy and New Jack Swing or New Jack by using it as a part of the name of defendant and in advertising in the manner and form shown in Exhibit C, which is attached and incorporated by reference. Since adoption of the names and marks BlackStreet, Guy and New Jack Swing or New Jack by defendant, public confusion has arisen, and is likely to continue, as to the source, origin or sponsorship of defendant's music entertainment service business.

10. In furtherance of plaintiff protecting his trademarks and preventing defendant's unfair practices, plaintiff, on October 18, 2006, caused to be sent to defendant a letter demanding that defendant immediately cease and desist from the use of the names BlackStreet, Guy and New Jack Swing or New Jack in all advertising and business operations. The letter further stated that plaintiff would institute legal proceedings for injunctive and compensatory relief if defendant failed to adhere to such demand. These letters are attached as Exhibit D and are incorporated by reference. Defendant failed to adhere to such demand.

11. Plaintiff is informed and believes, and on such information and belief alleges, that defendant had actual knowledge of plaintiff's ownership of the trade names, trademarks, and service marks BlackStreet, Guy and New Jack Swing or New Jack prior to the first adoption or use by defendant of such trade names and service marks.

12. Defendant has neither sought nor obtained permission of plaintiff or any of plaintiff's affiliates or related companies to use BlackStreet, Guy and New Jack Swing or New Jack in connection with defendant's business.

13. The names and marks BlackStreet, Guy and New Jack Swing or New Jack adopted by defendant for use in its business, incorporates the distinguishing feature of plaintiff's

trade name, trademark, and service mark, and its use by defendant in its business is irreparably damaging plaintiff.

14. Defendant's use of the designations BlackStreet, Guy and New Jack Swing or New Jack in advertising and promoting its business in the manner complained of constitutes unfair competition with plaintiff under 15 U.S.C.A. sec. 1125(a) and at common law. Such use of plaintiff's name and mark BlackStreet, Guy and New Jack Swing or New Jack constitutes a false designation of origin or a false description or representation of the source of origin of defendant's businesses and services. Such use results in unfair competition with plaintiff, in that persons are likely to be confused or misled into the belief, contrary to fact, that defendant's business and services are sponsored by or endorsed by or emanate from plaintiff or are otherwise connected with plaintiff or its related and affiliated companies. Such use therefore causes irreparable damage and harm to plaintiff and to its good will in its trade names, trademarks, and service marks.

## COUNT TWO

15. Plaintiff complains against defendant and for a Second Cause of Action alleges:

As a complete and independent ground for relief, plaintiff alleges service mark infringement at common law and under 15 U.S.C.A. sec. 1114(1), and incorporates by reference Paragraphs 1 through 14 above.

16. This court has jurisdiction over the subject matter and the parties to this action under 15 U.S.C.A. sec. 1116 and under 28 U.S.C.A. sec. 1331(a), 1332(a), (e), 1337(a), and 1338(a).

17. Plaintiff is the owner of the following United States Registration of its marks: BlackStreet, Registration number 2075927, issued July 1 1997. This registration is prima facie evidence of its validity and substance and of plaintiff's ownership of the mark. This registration is constructive notice of plaintiff's ownership, and is admissible as evidence in this action. Copies of the registration is attached as Exhibit A and is incorporated by reference. In addition, Plaintiff is the owner of the marks Guy and New Jack Swing. Plaintiff has filed trademark applications for trademarks Guy and New Jack Swing and has been using these trademarks since 1987. The use of these marks and filing of trademark applications are constructive notice of plaintiff's ownership, and are admissible as evidence in this action. Copies of these trademark applications are attached as Exhibit A, respectively, and are incorporated by reference.

18. Plaintiff's registration of the mark BlackStreet has become incontestable under 15 U.S.C.A. sec. 1065 by virtue of plaintiff's compliance with the provisions of that section of the statute. In addition, because such right to use has become incontestable, the registration is conclusive evidence of plaintiff's exclusive right to use the registered mark in connection with plaintiff's goods and services as provided by 15 U.S.C.A. sec. 1115(b). Plaintiff also claims exclusive right to use the marks Guy and New Jack Swing.

19. For a long period of time prior to the date on which defendant adopted and first used BlackStreet, Guy and New Jack Swing or New Jack in the manner complained of, and at least as early as the respective dates shown in the registration and applications identified as Exhibit A, plaintiff adopted and used the marks BlackStreet, Guy and New Jack Swing in connection with the sale and advertising of its goods and services.

20. Because of the substantial identity between the manner in which defendant has used BlackStreet, Guy and New Jack Swing or New Jack in advertising its business and services, and the manner in which plaintiff has used and is using its mark, and because plaintiff's mark has become well known to the public, defendant's use of the name BlackStreet, Guy and New Jack Swing or New Jack is likely to cause confusion, mistake, or deception at common law and within the meaning of 15 U.S.C.A. sec. 1114(1), thereby infringing plaintiff's registered trademark and trademarks to the plaintiff's immediate and irreparable damage.

COUNT THREE

Plaintiff complains against defendant and for a Third Cause of Action alleges:

21. As a complete and independent ground for relief, plaintiff alleges trade name, trademark, and service mark infringement by defendant at common law and incorporates by reference Paragraphs 1 through 20 above.

22. This court has jurisdiction over the subject matter and the parties to this action under 28 U.S.C.A. sec. 1332(a).

23. By virtue of its long use, since at least 1987 and 1992, of the names and marks BlackStreet, Guy and New Jack Swing in its business, and by virtue of widespread public recognition of the names and marks as indicating plaintiff, plaintiff is the owner at common law of the names and marks BlackStreet, Guy and New Jack Swing in connection with its business and the sale and promotion of its goods and services. Plaintiff has established valuable good will in its trade names, trademarks, and service marks.

24. The designation BlackStreet, Guy and New Jack Swing, used by defendant as part of a trade name and/or service mark in advertising its business and services, so resembles plaintiff's common-law trade names, trademarks, and service marks BlackStreet, Guy and New Jack Swing, which has become widely known by the public as indicating source or origin of plaintiff's business and services and those of its related companies, that it has caused and is likely to cause confusion, mistake, or deception. Such use has caused and is likely to cause persons to believe, contrary to fact, that defendant's business and the services sold or advertised by defendant under the designation BlackStreet, Guy and New Jack Swing or New Jack originate with or are sponsored by or are in some way associated with plaintiff or its affiliated and related companies, thereby infringing plaintiff's trade names, trademarks, and service marks and causing plaintiff irreparable

damage and harm.

WHEREFORE, plaintiff requests:

1. Defendant, its agents, servants, and employees, and all other persons and firms acting on behalf of or in active concert with defendant, be enjoined during the pendency of this action from using the trade names, trademarks, and service marks BlackStreet, Guy and New Jack Swing or New Jack, in connection with the promotion, advertising, conduct, and expansion of defendant's business or businesses, and in particular in connection with defendant's music entertainment service business.

2. After final hearing of this matter, defendant, its agents, servants, and employees, and all other persons and firms acting on behalf of or in active concert with defendant, be enjoined permanently from using the tradenames, trademarks, and service marks BlackStreet, Guy and New Jack Swing or New Jack, in connection with the promotion, advertising, conduct, and expansion of defendant's business or businesses, and in particular in connection with defendant's music entertainment service business.

3. Defendant be required, pursuant to 15 U.S.C.A. sec. 1117, to account for and pay over to plaintiff all defendant's profits resulting from the sale of shows , performances, and entertainment products and services under the name BlackStreet, Guy and New Jack Swing or New Jack;

4. Plaintiff be awarded all damages arising from the trademark infringement and unfair competition complained of in this complaint;

5. Defendant be required to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertising matter in its possession bearing the mark BlackStreet, Guy and New Jack Swing or New Jack;

6. Costs of suit be awarded to plaintiff and reasonable attorney fees; and

7. Such other and further relief be awarded plaintiff as the court deems just and proper.

Dated: March 16, 2007

                                        Troy S. Griffith
                                        Attorney for Plaintiff
                                        111 Livingston Street, Suite 1110
                                        Brooklyn, New York 11201
                                                (646) 260-6329